UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Crim. No. 09-CR-029 |
| v. | : | (Hon. Gary L. Sharpe) |
| | : | |
| JOSEPH L. BRUNO, | : | **GOVERNMENT'S MEMORANDUM OF** |
| | : | **LAW IN OPPOSITION TO** |
| Defendant. | : | **DEFENDANT'S MOTIONS IN LIMINE** |
| | : | |

_____


TABLE OF CONTENTS

1.  The Common Law Is Relevant Evidence Establishing The
    Allegation In The Indictment That Defendant "Had A
    Fiduciary Relationship With the State of New York
    And Its Citizens." . . . . . . . . . . . . . . . . . . . .  2

2.  The New York Gift Statute Is Not Unconstitutional. . . . . .  5

3.  Evidence Regarding The SEC Rule Is Relevant And
    Admissible. . . . . . . . . . . . . . . . . . . . . . . . .  8

4.  The Motion To Exclude Evidence And To Bar Constructive
    Amendment or Variance Is Meritless. . . . . . . . . . . . .  9

5.  Evidence Not Pled In the Indictment Is Intrinsic, But Even
    If It Were Considered Rule 404(b) Evidence Would Be
    Admissible Because There Has Been Sufficient Notice. . . . . 12

6.  The Government Is Entitled To Elicit, On Direct
    Examination, Testimony About Arrests, Convictions,
    Immunity, or Pending Criminal Charges. . . . . . . . . . . . 13

7.  Statements The Government Seeks To Offer Pursuant
    To Fed. R. Evid. 802 and 803 Are Admissible. . . . . . . . . 14

8.  Hearsay Admitted Pursuant To The Federal Rules of
    Evidence Does Not Violate The Confrontation Clause. . . . . . 15

TABLE OF AUTHORITIES

FEDERAL CASES

Matter of Ollag Const. Equip. Corp.,
665 F.2d 43 (2d Cir. 1981). . . . . . . . . . . . . . . . . 15

McNally v. United States,
483 U.S. 350 (1987). . . . . . . . . . . . . . . . . . . . . 3

Old Chief v. United States,
519 U.S. 172 (1997). . . . . . . . . . . . . . . . . . . . . 11

Rodriguez v. Modern Handling Equipment of N.Y.,
604 F. Supp. 2d 612 (S.D.N.Y. 2009). . . . . . . . . . . . . 16

Shushan v. United States,
117 F.2d 110 (5th Cir. 1941). . . . . . . . . . . . . . . . . 3

Travelers Insurance Co. v. 633 Third Associates,
14 F.3d 114 (2d Cir. 1994). . . . . . . . . . . . . . . . . . 6

United States v. Aref,
285 Fed. Appx. 784, 791 (2d Cir. 2008). . . . . . . . . . . 10

United States v. Bortnovsky,
879 F.2d 30 (2d Cir. 1989). . . . . . . . . . . . . . . . . 15

United States v. Bridgeforth,
441 F.3d 864 (9th Cir.2006). . . . . . . . . . . . . . . . . 18

United States v. Bruno,
2009 WL 2601249. . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Brockenborrugh,
575 F.3d 726 (D.C. Cir. 2009). . . . . . . . . . . . . . . . 16

United States v. Cosentino,
844 F.2d 30 (2d Cir. 1988). . . . . . . . . . . . . . . . . 14

United States v. Groves,
122 F.2d 87 (2d Cir. 1941). . . . . . . . . . . . . . . . . . 4

United States v. Hargrove,
508 F.3d 445 (7th Cir. 2007). . . . . . . . . . . . . . . . 18

United States v. Higelford,
7 F.3d 1340 (7th Cir. 1993). . . . . . . . . . . . . . . . . 12

United States v. Jakobetz,
955 F.2d 786 (2d Cir. 1991).. . . . . . . . . . . . . . 15

United States v. Keane,
522 F.2d 534 (7th Cir.  1975).. . . . . . . . . . . . .  3

United States v. Mandel,
415 F. Supp. 1006 (D. Md. 1976), aff'd in part on reh'g,
602 F.2d 653 (4th Cir. 1979) (en banc) (per curiam).. . . . . . 3

United States v. Mandel,
591 F.2d 1347 (4th Cir. 1979).. . . . . . . . . . . . 3, 17

United States v. Mandel,
862 F.2d 1067 (4th Cir. 1988).. . . . . . . . . . . . . 3

United States v. Margiotta,
688 F.2d 108 (2d Cir. 1982).. . . . . . . . . . . . . . 2

United States v. McDonough,
56 F.3d 381 (2d Cir. 1995). . . . . . . . . . . . . . . 9

United States v. Mendel,
746 F.2d 155 (2d Cir. 1984).. . . . . . . . . . . . . 15

United States v. Miller,
471 U.S. 130 (1985).. . . . . . . . . . . . . . . . . . 9

United States v. Parada-Talamantes,
32 F.3d 168 (5th Cir. 1994).. . . . . . . . . . . . . 13

United States v. Postal,
589 F.2d 862 (5th Cir. 1979). . . . . . . . . . . . . 16

United States v. Reyes,
157 F.3d 949 (2d Cir. 1998).. . . . . . . . . . . 14, 15

United States v. Stavroulakis,
952 F.2d 686 (2d Cir. 1992).. . . . . . . . . . . . . 12

United States. v. Stewart,
433 F.3d 273 (2d Cir. 2006).. . . . . . . . . . . . . 17

United States v. Townley,
472 F.3d 1267 (10th Cir. 2007). . . . . . . . . . . . 17

United States v. Velazquez,
246 F.3d 204 (2d Cir. 2001).. . . . . . . . . . . . . . . 11

United States v. Yannotti,
541 F.3d 112 (2d Cir. 2008).. . . . . . . . . . . . . . . 12

## STATE CASES

Binghamton Civil Service Forum v. City of Binghamton,
403 N.Y.S.2d 482 (N.Y. 1978). . . . . . . . . . . . . . . 6

Carney v. State Board of Fisheries,
785 P.2d 544 (Alaska 1990). . . . . . . . . . . . . . . . 5

Griswold v. City of Homer,
925 P.2d 1015 (Alaska 1996).. . . . . . . . . . . . . . . 5

Kerpelman v. Board of Public Works,
261 Md. 436 (1971). . . . . . . . . . . . . . . . . . . . 3

Menihard v. Salmon,
164 N.E. 545 (N.Y. 1928). . . . . . . . . . . . . . . . . 4

Merrin v. Town Board of the Town of Kirkwood,
369 N.Y.S.2d 878 (N.Y. App. Div. 1975). . . . . . . . . . 8

Mobil Oil Corp. v. Rubenfeld,
339  N.Y.S.2d 623 (N.Y. City Civ. Ct. 1972),
aff'd 357 N.Y.S.2d 589 (1974),
rev'd on other grounds, 370 N.Y.S.2d 943 (N.Y. App. Div. 1975),
aff'd mem., 40 N.Y.2d 936 (N.Y. 1976). . . . . . . . . . . 2

Penato v. George, 383 N.Y.S.2d 900 (N.Y. App. Div. 1976). . . . 2

People v. Moore, 377 N.Y.S.2d 1005 (N.Y. County Ct. 1975).. . . 6

People v. Zambuto, 423 N.Y.S.2d 770 (N.Y. App. Div. 1979).. . 7

Rubenfeld v. New York State Ethics Comm'n,
841 N.Y.S.2d 397 (N.Y. App. Div. 2007). . . . . . . . . . 7

Smith v. City of Albany, 61 N.Y. 444 (1875).. . . . . . . . 2, 4

This Memorandum is filed in opposition to defendant's eight motions in limine (Defendant's Memoranda in Support of His Motions will be referred to as "Defendant's Memorandum #").  Defendant moves to exclude (1) evidence that defendant owed a fiduciary duty to the State of New York and its citizens under New York common law because, according to defendant, the government has not previously relied on common law; (2) evidence of N.Y. Pub. Off. Law § 73(5) because, according to defendant, the statute is unconstitutional; and (3) allegations that defendant violated Securities and Exchange Commission Rule 206(4) because, according to defendant, it applies only to Wright Investors' Service ("Wright") and not to him and its admission would confuse the jury.

Defendant also moves to (4) bar the government from proving a scheme to defraud that lasted less than fourteen years or that involved some, but not all, of the entities alleged in the indictment; (5) bar evidence which defendant argues is unnoticed Fed. R. Evid. 404(b) evidence despite the fact that the evidence was provided in discovery; (6) preclude the government from eliciting testimony about arrests, convictions, immunity, or pending criminal charges without specific permission of the court; (7) bar allegedly inadmissible hearsay statements offered by the government pursuant to Fed. R. Evid. 801(d)(2)(C), 801(d)(2)(D), 801(d)(2)(E), or 803(6), and (8) bar all out of court statements, even those admissible under the Federal Rules of Evidence, as violating the Confrontation Clause.  The government has already

addressed most of these arguments in earlier memoranda of law and, for the reasons set forth below and in our other memoranda of law, all of defendant's motions in limine should be denied.

1.    **The Common Law Is Relevant Evidence Establishing The Allegation In The Indictment That Defendant "Had A Fiduciary Relationship With the State of New York And Its Citizens."**

The government's theory is, and always has been, that defendant "had a fiduciary relationship with the State of New York and its citizens," Indictment ¶ 4, which resulted in an affirmative duty to disclose material information, including material conflicts of interest.  As made clear in the Government's Proposed Jury Instruction No. 3, which requests that the court instruct the jury that "a public official acts as a trustee for the citizens and the State, and thus owes the normal fiduciary duties of a trustee", the existence of this fiduciary duty is supported by both federal case law, <u>see</u> Government's Proposed Instruction No. 3 at n.3, and New York common law, <u>see</u> <u>id.</u> ("New York cases contain a similar expression of fiduciary duty owed by a public official.  <u>See</u> <u>Smith v. City of Albany</u>, 61 N.Y. 444 (1875) (council member under 'obligation of absolute loyalty')").

In concluding that public officials are fiduciaries, federal courts have considered common law.  <u>See</u> <u>United States v. Margiotta</u>, 688 F.2d 108, 124-25 (2d Cir. 1982) (citing two New York cases which applied the common law – <u>Penato v. George</u>, 383 N.Y.S. 2d 900, 904-05 (N.Y. App. Div. 1976) and <u>Mobil Oil Corp. v. Rubenfeld</u>, 339

N.Y.S.2d 623, 632 (N.Y. City Civ. Ct. 1972), aff'd 357 N.Y.S.2d 589 (1974), rev'd on other grounds, 370 N.Y.S.2d 943, 947 (N.Y. App. Div. 1975), aff'd mem., 40 N.Y.2d 936 (N.Y. 1976) — in ruling that, under New York law, defendant owed a fiduciary duty to the citizenry); United States v. Mandel, 591 F.2d 1347, 1363 (4th Cir. 1979) aff'd in part on reh'q, 602 F.2d 653 (4th Cir. 1979) (en banc) (per curiam)[1] (citing the Maryland Declaration of Rights and Kerpelman v. Bd. of Public Works, 261 Md. 436, 444-45 (1971) in concluding that "[s]o far as relevant in this case, the Governor of the State of Maryland is trustee for the citizens and the State of Maryland and thus owes the normal fiduciary duties of a trustee, e.g., honesty and loyalty"); see also United States v. Mandel, 415 F. Supp. 1006, 1009-10 (D. Md. 1976) ("The Governor of Maryland, as a matter well-settled in both federal and state law, exercises fiduciary duties as a trustee for the citizens and state of Maryland."); Shushan v. United States, 117 F.2d 110, 115 (5th Cir. 1941) (citing cases applying common law in support of conclusion that "[n]o trustee has more sacred duties than a public official and any scheme to obtain an advantage by corrupting such an one must in the federal law be considered a scheme to defraud."); see also United States v. Keane, 522 F.2d 534, 545 (7th Cir.

---

[1]Following the Supreme Court decision in McNally v. United States, 483 U.S. 350 (1987), the convictions were vacated in a coram nobis proceeding. United States v. Mandel, 862 F.2d 1067, 1072 (4th Cir. 1988).

1975)(citing, in support of conclusion that mail fraud statute violated by city official's "use of inside advance information obtained by virtue of his official position for his own personal gain," Second Circuit case, United States v. Groves, 122 F.2d 87, 90 (2d Cir. 1941), which in turn relied on holding in Meinhard v. Salmon, 164 N.E. 545, 548 (N.Y. 1928) that, based on the common law, a joint venturer is a fiduciary).

As made clear in a leading New York case cited in the Government's Proposed Jury Instruction No. 3, Smith v. City of Albany, 61 N.Y. 444 (1875), under the common law, a public official owes a duty of loyalty to the citizens, and legislative enactments regulating conflicts of interest are merely declaratory of the common law.

The indictment clearly articulates defendant's duty, and the government's proposed jury instructions, which were filed almost five months ago, cite case law identifying the source of that duty.[2]  New York common law is the same as federal law regarding

---

[2]Defendant argues that New York statutes have abrogated the common law on this subject, but his argument fails to address cases cited in our Trial Memorandum on this issue.  See Government's Trial Memorandum at 6-10.  In fact, only two states (Alaska and Texas) have enacted statutes which expressly supersede some portion of the common law on public officials' conflicts of interest.  See Alaska Stat. § 24.60.020(b) ("The provisions of this chapter specifically supersede the provisions of the common law relating to legislative conflict of interest that may apply to a member of the legislature or a legislative employee."); Alaska Stat. § 39.52.910 (b) ("The provisions of this chapter supersede the common law on conflicts of interests that may apply to a public officer of an executive-branch agency and any personnel rules relating to

-4-

the duty of loyalty and disclosure of conflicts of interest, and it is relevant evidence establishing defendant's duty.  This is the basis on which the case was indicted and it has never changed.  The Court should deliver the government's proposed instruction; it will be supported by evidence.

    **2.    The New York Gift Statute Is Not Unconstitutional.**

Contrary to defendant's assertions, N.Y. Pub. Off. Law § 73(5) is not void for vagueness, and the government may refer to and introduce evidence regarding this statute at trial.

Section 73(5) of the New York Public Officer's Law states that legislators may not "directly or indirectly . . . solicit, accept or receive any gift having a value of seventy-five dollars or more whether in the form of money, service . . . thing or promise, or in any other form, under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action

---

conflicts of interests, excluding nepotism, adopted under AS § 39.25."); Tex. Loc. Gov't Code Ann. § 171.007 ("This chapter preempts the common law of conflicts of interest as applied to local officials.").  Oddly, Alaska's statutes apply only to officials holding statewide office, and, as Alaska courts have held, "the common law of conflicts of interest continues to apply to municipal officers." <u>Griswold v. City of Homer</u>, 925 P.2d 1015, 1026 n. 13 (Alaska 1996); <u>Carney v. State Bd. of Fisheries</u>, 785 P.2d 544, 547-48. (Alaska 1990).  Texas has done the opposite; Texas has left the common law as to statewide officials alone, and "preempts the common law of conflicts of interest as applied to local officials."  Tex. Loc. Gov't Code Ann. § 171.007.

on his part."

In support of his argument that this provision is void for vagueness, defendant relies exclusively on People v. Moore, 377 N.Y.S.2d 1005 (N.Y. County Ct. 1975). In Moore, a New York county court concluded that, in the context of the gift statute for municipal employees, the clause "under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him," N.Y. Gen. Municipal Law § 805-a, was void for vagueness. Id. at 1008-11.

Although defendant is correct that this clause also appears in Section 73(5), a single opinion from a county court does not establish a state's law. See Travelers Insurance Co. v. 633 Third Associates, 14 F.3d 114, 119 (2d Cir. 1994) ("Where there is 'no decision by th[e state's highest] court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State.") (quoting Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456 (1967)). Accordingly, Moore does not require this Court to conclude that Section 73(5) is unconstitutional.

Here, examination of relevant rulings of other New York courts of higher authority makes clear that New York courts have ignored Moore and have not treated either the municipal employee statute or the legislator gift statute as unconstitutional. See Binghamton

-6-

Civil Service Forum v. City of Binghamton, 403 N.Y.S.2d 482, 485
(N.Y. 1978) (stating that "section 805-a of the General Municipal
Law which prohibits a municipal officer from accepting a gift under
circumstances where the inference could be drawn that the gift was
intended to influence the performance of his official duties does
not inflexibly mandate the discharge of an employee in violation of
its proscriptions" without citing or discussing Moore); Rubenfeld
v. New York State Ethics Comm'n, 841 N.Y.S.2d 397, 401 (N.Y. App.
Div. 2007) (affirming Section 73(5) violation following
administrative proceeding without citation to or any discussion of
Moore and stating "even when there is a 'lack of proof that the
gifts were intended to influence [an employee] in the performance
of his [or her] official duties,' a finding that section 73(5) was
violated will be upheld if 'the acceptance was **under circumstances
in which it could be reasonably inferred** that the gifts were made
for an improper purpose") (quoting People v. Zambuto, 423 N.Y.S.2d
770, 771 (N.Y. App. Div. 1979)) (additional quotation to Section
73(5) omitted) (emphasis in original); People v. Zambuto, 423
N.Y.S.2d 770, 771 (N.Y. App. Div. 1979) (affirming Section 73(5)
misdemeanor conviction without citation to or any discussion of
Moore and noting that "[d]espite the lack of proof that the gifts
were intended to influence defendant in the performance of his
official duties, the court properly concluded, because of
defendant's relationship to [the gift giver] that the acceptance

-7-

was **'under circumstances in which it could be reasonably inferred'** . . . that the gifts were made for an improper purpose") (quoting Section 73(5)) (emphasis in original). <u>See also</u> <u>Merrin v. Town</u> <u>Board of the Town of Kirkwood</u>, 369 N.Y.S.2d 878 (N.Y. App. Div. 1975) (affirming, before <u>Moore</u>, administrative violation of town's Code of Ethics gift provision, which contains same clause).[3]

This Court should give "proper regard" to these "relevant rulings of other courts of the State," and conclude that Section 73(5) is not void for vagueness.

### 3.   Evidence Regarding The SEC Rule Is Relevant And Admissible.

As pointed out in our May Omnibus Opposition to Defendant's Motions at 52-54 and again in our Trial Memorandum at 10 n. 3, the government will offer evidence that (1) defendant was aware of SEC Rule 206-(4)-3, 17 C.F.R. § 275.206(4)-3(a)(2), which he discussed with others and with which he had both a contractual and a legal obligation to comply (the latter because of accessorial liability principles); and (2) he took actions regarding compliance with and/or avoidance of the rule in connection with the scheme while soliciting union officials.  This evidence is admissible because the existence of the regulation is interwoven with defendant's conduct, is necessary to understand defendant's conduct, and is relevant to determine defendant's intent.  Defendant's assertion

---

[3]<u>Moore</u> does not cite or discuss <u>Merrin</u>.

that he did nothing to further Wright's violations of the regulation is belied by the evidence. After receiving repeated instructions to obtain written disclosures, failing to do so, and knowing that they were required in order for payments to him to be lawful, he cashed the checks. Excluding this evidence would create confusion, and, to the extent defendant is concerned that the admission of the evidence might confuse the jury, an appropriate limiting instruction – that whether the SEC rule was violated is to be considered as evidence of intent – will eliminate any potential confusion.

**4.    The Motion To Exclude Evidence And To Bar Constructive Amendment or Variance Is Meritless.**

Although the government fully expects that the jury will be convinced beyond a reasonable doubt that the scheme as alleged in the Indictment existed, that it included the individuals and entities identified in the Indictment, and that it lasted for the duration alleged in the Indictment, the jury may (and should) still convict even if it finds that a more narrow or limited scheme existed. See United States v. Miller, 471 U.S. 130, 131 (1985) (Fifth Amendment's grand jury guarantee not violated "when a defendant is tried under an indictment that alleges a certain fraudulent scheme but is convicted based on trial proof that supports only a significantly narrower and more limited, though included, fraudulent scheme."); see also United States v. McDonough, 56 F.3d 381, 390 (2d Cir. 1995) ("Where there are

-9-

several ways to violate a criminal statute, as there are with the mail fraud statute, . . . '[f]ederal pleading requires . . . that an indictment charge in the conjunctive to inform the accused fully of the charges' . . . A conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged. . . . Defendant was charged with depriving citizens of money and the right to control money. Thus, he could have been convicted under either of these theories, and the district court did not give an erroneous instruction to the jury.") (citations omitted).

Defendant renews the arguments he made when he moved to strike allegations from the Indictment relating to McGinn, Smith (because there is no mailing or wire from or to that company), to the $3.1 million he obtained (because he obtained some of it before 2004), and to conduct which occurred prior to 2004 (because such evidence is outside the statute of limitations). For the reasons set forth in the Government's May Omnibus Opposition to Defendant's Motions at 24-31, these arguments are not persuasive.

Apparently recognizing that evidence relating to McGinn, Smith is relevant, defendant proposes a stipulation rather than the admission of evidence. The government is entitled to present its evidence, and the government therefore rejects this proposal. See United States v. Aref, 285 Fed. Appx. 784, 791 (2d Cir. 2008) ("The 'accepted rule [is] that the prosecution is entitled to prove its

case free from any defendant's option to stipulate the evidence away' (unless 'the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him'") (quoting Old Chief v. United States, 519 U.S. 172, 189-90 (1997) and citing United States v. Velazquez, 246 F.3d 204, 211 (2d Cir. 2001) (holding that district court did not abuse its discretion where autopsy photos admitted to show victim's bruising despite defendant's offer to stipulate that the assault had occurred).[4]

As this Court noted, "evidence concerning the breadth and scope of the scheme to defraud will certainly be admissible at trial, if relevant.  That is an evidentiary decision that must be made at the time."  United States v. Bruno, 2009 WL 2601249, at *6. Defendant's general contention seems to be that evidence which predates the limitations period should be subjected to a greater degree of scrutiny, but this is not the law.  The indictment demonstrates the logical relationship between the scheme to defraud and defendant's interactions with all five persons and entities who paid him: Wright, McGinn, Smith & Co., and the Fassler, Abbruzzese, and Ball Companies.  Some detail about the origin and development

---

[4]This Court should also reject defendant's request for specification, "on a count by count basis," of details about his failures to disclose.  Defendant's Memorandum Four at 9-10.  This Court has already denied defendant's motion for a bill of particulars, and since that time, the defendant has been provided with witness and exhibit lists, grand jury transcripts, reports of interviews, and related materials.

of those relationships is necessary to show the breadth and scope of the scheme.

     **5.**   **Evidence Not Pled In the Indictment Is Intrinsic, But Even If It Were Considered Rule 404(b) Evidence It Would Be Admissible Because There Has Been Sufficient Notice.**

Defendant argues that the government should be precluded from offering evidence of any alleged gift or undisclosed conflicts "that were not pled in the Indictment and that were not previously noticed under Rule 404(b)." Defendant's Memorandum Five at 3. But the Indictment need not plead such details, e.g., United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008) ("'An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.'") quoting United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992)), and defendant's motion should therefore be denied.

Defendant appears to seek a ruling that evidence not pled in the indictment, but provided to defendant in discovery, is subject to the notice requirements of Rule 404(b), and should be excluded because of the government's statement that it did not intend to offer Rule 404(b) evidence. Defendant is wrong. Such evidence is not subject to Rule 404(b) analysis because it is intrinsic. See United States v. Higelford, 7 F.3d 1340, 1345 (7th Cir. 1993) (evidence which is "'intricately related to the facts of the case'"

-12-

is not subject to Fed. R. Evid. 404(b)) (quoting <u>United States v. Hargrove</u>, 929 F.2d 316, 320 (7th Cir. 1991)).  Even if, however, it were considered other acts evidence, defendant has received ample notice of the evidence in the discovery, and the Court should deny his motion.

> **6.   The Government Is Entitled To Elicit, On Direct Examination, Testimony About Arrests, Convictions, Immunity, or Pending Criminal Charges.**

For the reasons set forth in the Government's Trial Memorandum at 22-25, the government may elicit, during direct examination, information regarding any witness's arrests, conviction, immunity, or pending criminal charges because such information is relevant to judging witness credibility.[5]   The government agrees that appropriate limiting instructions explaining the relevance of this evidence – which should be tailored to distinguish between witnesses testifying pursuant to an order entered by the court granting statutory immunity and witnesses testifying pursuant to a cooperation agreement – should be given to the jury.[6]

---

[5]The only case cited by defendant in support of his contention that such evidence constitutes "guilt by association" and should be excluded, <u>United States v. Parada-Talamantes</u>, 32 F.3d 168 (5th Cir. 1994), did not involve a testifying witness and has nothing to do with the principle relied upon by the government.  In <u>Parada</u>, the court concluded that evidence that defendant's brother had sold a van containing hidden compartments in which marijuana was found to the co-defendant was irrelevant.  <u>Id.</u> at 169-70.

[6]Contrary to defendant's assertions, the government does not intend to introduce plea or cooperation agreements during direct examination.  Indeed, the very case we cite in our Trial Memorandum which holds that it is permissible for the government to elicit

7. **Statements The Government Seeks To Offer Pursuant To Fed. R. Evid. 802 and 803 Are Admissible.**

For the reasons set forth in the Government's Trial Memorandum at 11-15, none of defendant's arguments against the admissibility of statements attributed to a third party in business records, co-conspirator statements in furtherance of a lawful joint venture, or statements of defendant's agent, such as his press secretary, are persuasive.

Contrary to defendant's hearsay within hearsay argument, Fed. R. Evid. 803(6) makes clear that any document meeting the rule's requirements is admissible "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."  Courts have articulated conclusions about whether statements occurring under certain recurring circumstances are sufficiently trustworthy to be admitted.

For example, statements from third parties contained in business records are admissible where they are offered by someone with a business duty to provide information.  See, e.g., United States v. Reyes, 157 F.3d 949, 952 (2d Cir. 1998) ("The requirement of a business duty is not in the language of Rule 803(6), but it has long been recognized as the principal means of establishing the reliability of a hearsay statement offered under the rule.").

_____

testimony on this subject also discusses the circumstances in which the agreement itself becomes admissible, and the procedure to follow. United States v. Cosentino, 844 F.2d 30, 32-35 (2d Cir. 1988).

Statements from third parties contained in business records are also admissible even where the third party did not have a business duty to provide information so long as someone has a duty to verify the information provided. See, e.g., id. (affirming admission of prisoner log book because of the verification procedures and observing that "[d]ecisions from six other circuits apply the business records exception where an employee of the business has a duty to verify the information, even where the third party providing the information has no duty to report it").

Documents from third parties incorporated into an entity's records and "relied upon in its day-to-day operations," are also admissible. United States v. Mendel, 746 F.2d 155, 166 (2d Cir. 1984); see also id. (concluding document admissible where third party required to complete and submit document to the U.S. Department of Agriculture ("USDA") and USDA "relie[d] on its accuracy in enforcing [a] program); United States v. Jakobetz, 955 F.2d 786, 801 (2d Cir. 1992) (affirming district court's admission of toll receipt attached to defendant's expense report as business record); Matter of Ollag Construction Equipment Corp., 665 F.2d 43, 46 (2d Cir. 1981) (affirming bankruptcy court's admission of financial statements submitted to bank as business records because the statements were integrated into the bank's records and relied upon by the bank; no verification required).

In contrast, as reflected in the cases cited by defendant,

United States v. Bortnovsky, 879 F.2d 30, 34 (2d Cir. 1989) and
Rodriguez v. Modern Handling Equip. of N.Y., 604 F. Supp. 2d 612,
622 (S.D.N.Y. 2009), statements from third parties incorporated in
investigative reports are generally not admissible because they
lack sufficient trustworthiness.

Trustworthiness – whether measured by verification,
incorporation and reliance, or some other measure – is the only
limit on the admissibility of statements from third parties in
documents otherwise qualifying as business records.[7]

Defendant's arguments against the admissibility of co-
conspirator statements, which do not address cases cited in the
Government's Trial Memorandum at 16, United States v.
Brockenborrugh, 575 F.3d 726, 735 (D.C. Cir. 2009) ("despite its
use of the word 'conspiracy', Rule 801(d)(2)(E) allows for
admission of statements by individuals acting in furtherance of a
lawful joint enterprise"); United States v. Postal, 589 F.2d 862,
886 n. 41 (5th Cir. 1979) ("[T]he agreement [upon which
admissibility of a joint venturer's statement is predicated] need

---

[7]Because the ultimate determination regarding admissibility of
such statements is grounded in their trustworthiness, Fed. R. Evid.
807, the residual hearsay exception, is a distinct basis for
admission of such statements. See 5 Weinstein's Evidence §
803.08[7] (2d ed. 2009) ("a statement included in a business record
may demonstrate trustworthiness and be admissible under the
residual hearsay exception even if it fails to meet the tests of a
particular exception. A judge, therefore has some discretion to
admit the statements of non-participants in the regular activity if
the facts indicate that the statements are sufficiently
reliable.").

-16-

not be criminal in nature."), fare no better because there is no requirement that there be a criminal enterprise. Finally, it is clear that defendant's press secretary – a person designated to offer public statements on his behalf – qualifies as his agent. See Mandel, 591 F.2d at 1368 ("statements by Governor Mandel's agents concerning the Governor's views on the veto override also are admissible. FRE 801(d)(2)(D). A question here, of course, is who were Governor Mandel's agents. His legislative aides (employees, not members of the senate) were his agents, and their statements on Governor Mandel's views were within the scope of the agency relationship.")

### 8. Hearsay Admitted Pursuant To The Federal Rules of Evidence Does Not Violate The Confrontation Clause.

Defendant's argument that admission of co-conspirator statements (and other out of court statements whose admission is permitted by the Federal Rules of Evidence) violates the Confrontation Clause is, as defendant himself acknowledges, Defendant's Memorandum Eight at 1, contrary to settled and controlling authority. E.g., United States v. Stewart, 433 F.3d 273, 292 (2d Cir. 2006) ("[T]he Supreme Court stated that statements in furtherance of a conspiracy were generally not testimonial and were exceptions to the hearsay rule that encountered no Confrontation Clause obstacle. See Crawford [v. Washington], 541 U.S. [36,] 56, [2004]."); id. (statements that are both in furtherance of a conspiracy and testimonial are not barred

by Confrontation Clause); <u>United States v. Townley</u>, 472 F.3d 1267, 1273 (10th Cir. 2007) ("We find no merit to Appellant's unfounded and unsupported contention that <u>Crawford</u>'s instruction on testimonial hearsay somehow eviscerated Federal Rule of Evidence 801(d)(2)(E), especially since Rule 801(d)(2)(E) treats declarations by coconspirators not as an exception to the hearsay rules, but as nonhearsay."); <u>United States v. Bridgeforth</u>, 441 F.3d 864, 868-69 (9th Cir.2006) (statements made by a co-conspirator that qualify for admission pursuant to Federal Rule of Evidence 801(d)(2)(E) may be admitted without violating the Confrontation Clause under Crawford); <u>United States v. Hargrove</u>, 508 F.3d 445, 447 (7th Cir. 2007) ("The recorded statements of Hargrove's coconspirator, Hicks, were admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence and were not testimonial hearsay subject to analysis under the Confrontation Clause as interpreted in Crawford").

## Conclusion

For the foregoing reasons, defendant's eight motions in limine should be denied.

Respectfully submitted,

ANDREW T. BAXTER
UNITED STATES ATTORNEY

by:  */s/ Elizabeth C. Coombe*
Elizabeth C. Coombe
William C. Pericak
Dated: October 19, 2009          Assistant U.S. Attorney

-18-