**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

JOSEPH L. BRUNO,

Defendant.

Criminal Action No.  09-CR-29

(Hon. Gary L. Sharpe)

## DEFENDANT JOSEPH L. BRUNO'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE OF ACQUITTED CONDUCT

### (DEFENDANT'S MOTION *IN LIMINE* #1)

William J. Dreyer, Esq.
Benjamin W. Hill, Esq.
Dreyer Boyajian LLP
75 Columbia Street
Albany, New York 12210
Phone: 518-463-7784


E. Stewart Jones, Jr., Esq.
E. Stewart Jones Law Firm,
PLLC
28 Second Street
Troy, New York 12180
Phone: 518-274-5820

*Attorneys for Defendant Joseph L. Bruno*

## INTRODUCTION

By his Motion *in Limine*, Mr. Bruno asks the Court to bar the government from introducing evidence regarding conduct for which he was acquitted at the first trial. The instant Motion is based on the Fifth Amendment's Double Jeopardy Clause, the doctrine of collateral estoppel and/or direct estoppel, and the Federal Rules of Evidence.[1]

In his Motion to Dismiss the Superseding Indictment, Mr. Bruno argued that the Double Jeopardy Clause and the doctrine of collateral estoppel precluded his reprosecution on Counts 4 and 8 of the original Indictment, which correspond with Counts 1 and 2 of the Superseding Indictment. Dkt. No. 373. By its December 11, 2012 Order, this Court denied Mr. Bruno's Motion, stating that the Fifth Amendment did not bar retrial. Dkt. No. 375. The Second Circuit affirmed. However, the Court did not address the distinct evidentiary issue on which Mr. Bruno now seeks a ruling: Whether the government may introduce evidence of acquitted conduct—that is, evidence concerning Counts 1, 2, 5, 6, and 7 of the original Indictment, all of which ended in acquittal.

For the reasons that follow, the government should not be permitted to do an end-around the jury's acquittals through the introduction of prejudicial evidence regarding acquitted conduct that purports to support its remaining claims. To hold otherwise would be to drain the jury's acquittals of their constitutional significance while allowing the government to re-try the entire slate of counts brought in the first Indictment in order to bolster its two remaining charges.

---

[1] Mr. Bruno expressly reserves the right to file additional motions *in limine*. To date, the government has not provided Mr. Bruno any notice of Jencks material, *Brady* material, FRE 404(b) evidence, nor any other disclosure of the evidence it intends to adduce at trial.

## ARGUMENT

I.   **Collateral Estoppel Precludes the Introduction of Evidence of Acquitted Conduct.**

The Supreme Court and the Second Circuit have held that the Fifth Amendment's Double Jeopardy Clause embodies collateral estoppel, that is, the relitigation of "any issue that was necessarily decided by a jury's acquittal in a prior trial." Yeager v. United States, 557 U.S. 110, 119 (2009); United States v. Jackson, 658 F.3d 145, 152 (2d Cir. 2011).

The above principle has been applied to preclude successive prosecutions in their entirety, as in Ashe v. Swenson, 397 U.S. 436 (1970), and more narrowly to preclude the redetermination of evidentiary facts stemming from acquitted conduct in successive prosecutions, as in United States v. Mespoulede, 597 F.2d 329 (2d Cir. 1979) and several other Circuit-level cases. See, e.g., United States v. Balin, 977 F.2d 270 (7th Cir. 1992); United States v. Lee, 622 F.2d 787 (5th Cir. 1980) (noting that collateral estoppel "extends to prevent redetermination of evidentiary facts as well as ultimate facts"). The instant Motion in Limine concerns the latter scenario, which one court has labeled "direct estoppel." See United States v. Balin, 977 F.2d at 276.

For direct estoppel to apply, "the defendant must carry the burden of proving that the fact-finder acquitted him because it resolved in his favor the very issue that he seeks to foreclose from consideration in the second trial." Mespoulede, 597 F.2d at 333; see also Dowling v. United States, 493 U.S. 342 (1990). In determining what issues were resolved in the defendant's favor, "courts should examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Yeager, 557 U.S. at 119-20.

3

In this case, the jury acquitted Mr. Bruno on Counts 5 and 6 and, in so doing, determined that he did not possess the intent to create a scheme to defraud at least as to those Counts and the payments related thereto. This is true because the government's failure to disclose theory was consistent as across all counts, Mr. Bruno did not contest that the mailings were sent and the payments received, and the proof regarding services Mr. Bruno provided was consistent across all counts.[2]

Although this Court ruled that collateral estoppel did not bar reprosecution, it did not disagree that the jury found a lack of intent on Mr. Bruno's part as to the acquitted counts. Indeed, the Court found it "perfectly conceivable that the jury, in evaluating the mailings that formed the basis of each count, found that the letters referenced in Counts Five and Six did not evidence an intent to defraud, while the ones in Counts Four and Eight did." Dkt. No. 375 at p.22-23 n.13. Therefore, it is clear that the jury determined that Mr. Bruno did not possess the requisite intent as to Counts 5 and 6.

The government once again has chosen to incorporate into the Superseding Indictment acquitted conduct related to Counts 5 and 6 of the original Indictment in support of its scheme to defraud theory.[3] The incorporation of these allegations in the Superseding Indictment makes clear that the government intends to prove beyond a reasonable doubt that Mr. Bruno possessed an intent to defraud with respect to the alleged conduct of Counts 5 and 6 – an issue of fact that the jury already determined in his favor. Dkt. No. 343 at ¶¶15-19.

---

[2] For a more complete discussion on this issue, reference is made to Mr. Bruno's Supplemental Brief in Support of his Motion to Dismiss the Indictment. Dkt. No. 373 at pp. 3-5.

[3] The Superseding Indictment does not refer to acquitted conduct concerning Counts 1, 2, or 7 of the original Indictment, nor to conduct concerning hung Count 3. To the extent the government intends to introduce evidence regarding those counts and thereby constructively amend the Superseding Indictment, Mr. Bruno reserves the right to object and supplement the instant Motion.

Importantly, the government does not contend that its accusations related to Counts 5 and 6 of the original Indictment should be admitted pursuant to FRE 404(b). Indeed, the government has affirmatively represented to Mr. Bruno's attorneys that it does not presently intend to introduce *any* FRE 404(b) material at trial. Rather, the government seeks to include evidence regarding the acquitted counts as *direct evidence* of their remaining counts. For that reason, this case is distinguishable from Dowling v. United States, 493 U.S. 342 (1990), in which the Supreme Court held that "an acquittal in a criminal case does not preclude the government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." Id. at 349; see also United States v. Mahaffy, 499 F. Supp. 2d 291, 298 (E.D.N.Y. 2007) (explaining that Dowling does not bar application of Double Jeopardy to exclude *direct evidence* of an element to be retried).

Therefore, notwithstanding this Court's ruling that the acquittals on Counts 5 and 6 did not collaterally estop the government from bringing a second prosecution on Counts 4 and 8, it must still limit the government from introducing evidence regarding conduct that has unquestionably been resolved in Mr. Bruno's favor. To do otherwise would be to offend "fundamental considerations of fair play" and would unjustly require Mr. Bruno to "relitigate the very issue a jury decided in his favor" while bestowing the power of resurrection upon the government. [4] United States v. Mespoulede, 597 F.2d at 329.

---

[4] To the extent the Court denies the instant Motion *in Limine*, Mr. Bruno reserves the right to request, at the appropriate time, a curative instruction to the jury regarding any acquitted conduct that is introduced into evidence.

## II.    Evidence of Acquitted Conduct Should be Preluded under FRE 403.

To the extent the Court rules that evidence relating to Counts 5 and 6 is not precluded under double jeopardy/collateral estoppel principles, it should nonetheless preclude such evidence under FRE 403. FRE 403 requires the Court to balance the probative value of evidence against its prejudicial effect. See United States v. Yousef, 327 F.3d 56, 121 (2d Cir. 2003). The Court has wide discretion to preclude evidence that is unduly prejudicial and has little probative weight. Id. Evidence should be excluded under FRE 403 when it may "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997).

In this case, evidence regarding acquitted conduct should be excluded because it may cause the jury to confuse acquitted conduct with the offenses charged. The government does not bring charges specific to Counts 5 and 6, but rather, incorporates the alleged factual basis for those counts within the Superseding Indictment. If the jury is permitted to hear evidence regarding payments made to Motient and TerreStar, but then is only asked to pass upon conduct regarding CTA, C&TA and Bazaguma, the implicit and prejudicial suggestion will be that Mr. Bruno is culpable for all such conduct notwithstanding the prior acquittals.

Secondly, the government's decision to include the acquitted conduct in the Superseding Indictment does not, *ipso facto*, make such evidence *necessary* to prove the charges brought. See United States v. Lyles, 593 F.2d 182, 195 (2d Cir. 1979) (excluding potentially prejudicial evidence where "prosecutor cannot be said to have had a great need to introduce [it]."). In that regard, it is well established that "[t]he greater the danger of prejudice, the more justification must be shown for the introduction of challenged evidence." Id.

In this case, the government's theory is that Mr. Bruno performed official acts in exchange for payments made.  There is simply no necessary reason to prove that Mr. Bruno received payments from Motient and TerreStar in order to meet its *prima facie* burden of proving the payments from CTA, C&TA and Bazaguma were bribes.  That the preclusion of such evidence could potentially make the government's task more difficult is of no moment.  Any such evidence would simply be bolstering, unduly prejudicial, and violate Mr. Bruno's Fifth Amendment rights as well as FRE 403.

## CONCLUSION

For all the above reasons, the Court should grant Mr. Bruno's Motion *in Limine* and preclude the introduction of evidence of acquitted conduct.

DREYER BOYAJIAN LLP

William J. Dreyer, Esq.
Bar No.:101539
Benjamin W. Hill, Esq.
Bar No.: 514953
75 Columbia Street
Albany, New York 12210
Phone: 518-463-7784